**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**March 9, 2016**
released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHRISTOPHER F.,**
**Petitioner Below, Petitioner**

**vs)  No. 15-0316 (Kanawha County 12-D-1248)**

**ERIN F.,**
**Respondent below, Respondent**

**MEMORANDUM DECISION**

The petitioner, Christopher F.,[1] by counsel Brittany Ranson Stonestreet, appeals a March 6, 2015, order of the Circuit Court of Kanawha County denying his appeal of a January 6, 2015, order of the Family Court of Kanawha County. The family court order reinstated a prior child support order requiring Christopher F. to pay the respondent, Erin F., the amount of $1,080.00 per month, nunc pro tunc to February 1, 2014. In this appeal, Christopher F. contends that the family court order should be reversed because it was entered ex parte, without proper notice or a hearing, which adversely affected his rights. Erin. F., pro se, filed a response maintaining that the family court committed no error.

Upon review of the parties' arguments, the appendix record, and the pertinent authorities, we reverse the final order and remand this case to the family court for a hearing to determine the child support obligations of the parties. This case does not present a new or significant question of law, and, therefore, satisfies the "limited circumstance" requirement of Rule 21(d) of the Rules of Appellate Procedure. As such, it is properly disposed of through this memorandum decision.

The parties were divorced by a final order entered on October 19, 2012. Pursuant to an agreement by the parties, the final divorce order provided that the parties' only child, J.M., would reside in the custody of his mother, Erin F. The order further provided that Christopher F. would pay child support in the amount of $1,080.00 per month and that

---

[1]In sensitive matters, we use the parties' initials rather than their full surnames. *See In re Emily*, 208 W.Va. 325, 329 n.1, 540 S.E.2d 542, 546 n.1 (2000); *see also* W.Va. R. App. P. 40(e).

1

84

he would fulfill that obligation by sending $80.00 directly to Erin F. and $1,000.00 to her landlord. The divorce order also granted Christopher F. weekend and summer parenting time.

On July 9, 2013, Christopher F. filed an ex parte motion for emergency custody of J.M. in the Family Court of Kanawha County, alleging that Erin F. was engaging in prostitution and abandoning their child for extended periods of time. In particular, Christopher F. alleged that Erin F. had been in Berlin, Germany, for five weeks "soliciting 'escort' services" and had not indicated when she would be returning.[2] Upon receipt of the motion, the family court immediately entered an order granting Christopher F. custody of J.M. The emergency custody order also terminated Christopher F.'s child support obligation effective July 1, 2013.

On February 6, 2014, counsel for the parties appeared at a hearing before the family court and advised that the parties had agreed that J.M. would be returned to his mother's custody under certain terms and conditions aimed at protecting the child's welfare.[3] The issue of child support, however, was not mentioned during that hearing. Consequently, the March 20, 2014, order that was entered to memorialize the parties' agreement restored custody of J.M. to Erin F., but did not address the issue of child support.[4]

Thereafter, on October 27, 2014, Erin F., through newly retained counsel, filed an ex parte Motion for Corrective Order pursuant to Rule 25 of the Rules of Practice and Procedure for Family Court[5] and West Virginia Code §§ 51-2A-7(a)(7) (2008)[6] and 51-2A-

---

[2]Erin F. left J.M. in the custody of his maternal grandmother.

[3]The parties agreed, inter alia, that J.M. should maintain, at a minimum, a 3.0 grade point average at the end of each school semester; have no more than six absences per school year, whether excused or unexcused, except in cases of severe injury or illness; and never be left without a responsible adult's supervision during the hours of 10:00 p.m. to 8:00 a.m.

[4]The appendix record includes correspondence exchanged by the parties' counsel prior to the February 6, 2014, hearing discussing the issue of child support. Through those letters, Christopher F. proposed to reinstate his prior child support obligation of $1,080.00 per month, but Erin F. refused, asserting that she was entitled to an increased child support award. No agreement was reached and, as discussed, the matter was not raised during the hearing.

[5]Rule 25 of the Rules of Practice and Procedure for Family Court provides:

2

10(a)(4) (2008).[7] The motion stated that the March 20, 2014, order "conspicuously failed to reinstate the child support" but that Christopher F. had dutifully paid child support in the amount $1,000.00 per month from the time J.M. was returned to Erin F.'s custody until September 2014, when he informed Erin F. that he would not continue to pay child support without a court order. Erin F. requested that the family court reinstate Christopher F.'s child support obligation, as set forth in the final divorce order, retroactive to the date that J.M. was returned to her custody. Christopher F. was not served with a copy of the Motion for Corrective Order. Instead, a copy was faxed to Christopher F.'s counsel, who had previously been relieved as counsel of record in the case pursuant to the March 20, 2014, order.

Subsequently, on January 6, 2015, the family court, without holding a hearing, entered an "Order Regarding Child Support" that was submitted ex parte by Erin F.'s counsel. The January 6, 2015, order granted Erin F.'s Motion for a Corrective Order and reinstated the child support obligation set forth in the parties' final divorce order that required Christopher F. to pay monthly child support to Erin F. in the amount of $1,080.00. The order was entered nunc pro tunc to February 1, 2014. Christopher F. never received notice that order was being submitted to the family court for entry. Rather, he was served with a copy of the order by certified mail after it was entered. Upon receipt of the family court's order, Christopher F. appealed the decision to the Circuit Court of Kanawha County. His appeal was summarily denied by the circuit court's final order entered March 6, 2014. This appeal followed.

Our standard of review is set forth in the syllabus of *Carr v. Hancock*, 216 W.Va. 474, 607 S.E.2d 803 (2004):

Any party may file a motion for reconsideration of a family court order as provided in W.Va. Code, § 51-2A-10. If an appeal has been filed within the time period for filing a motion for reconsideration, the time for filing a motion for reconsideration will be suspended during the pendency of the appeal.

[6]West Virginia Code § 51-2A-7(a)(7) provides, in pertinent part: "[T]he family court judge has the authority to . . . [c]orrect errors in a record."

[7]West Virginia Code § 51-2A-10(a)(4) provides that "[a]ny party may file a motion for reconsideration of a temporary or final order of the family court for the following reasons . . . clerical or other technical deficiencies contained in the order[.]"

3

In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

In this appeal, Christopher F. asserts that the family court abused its discretion by retroactively awarding child support nunc pro tunc to February 1, 2014, without prior notice to him and without holding a hearing. Christopher F. maintains that the absence of a provision in the March 20, 2014, order regarding child support was not a clerical mistake because the issue of child support was not addressed during the February 6, 2014, hearing. Therefore, he maintains that his rights were adversely affected because the January 6, 2015, order imposed a child support obligation without giving him an opportunity to respond and present evidence regarding how the child support formula should be applied given the current financial circumstances of the parties. We agree.

As an initial matter, we find the manner in which the January 6, 2015, order was presented to the family court was not in compliance with Rule 22(b) of the West Virginia Rules of Practice and Procedure for Family Court.[8] Rule 22(b) provides that counsel for a

---

[8]Rule 22(b) of the Rules of Practice and Procedure for Family Court provides:

> *Preparation of Orders and Findings.* — In proceedings in which both parties are self-represented, the court shall prepare all orders and findings of fact. In proceedings in which one or both parties are represented by attorneys, the court may assign one or more attorneys to prepare an order or proposed findings of fact. An attorney assigned to prepare an order or proposed findings shall deliver the order or findings to the court no later than ten days after the conclusion of the hearing giving rise to the order or findings. Within the same time period the attorney shall send all parties copies of the draft order or findings together with a notice which informs the recipients to send written objections within five days to the court and all parties. If no objections are received, the court shall enter the order and findings no later than three days following the conclusion of the objection period. If objections are received, the court shall enter an order and findings no later than

4

party may prepare an order when invited to do so by the family court. Because no hearing was held on the Motion for Corrective Order, there is no indication that the family court invited the submission of an order by counsel for Erin F. More importantly, Rule 22(b) expressly provides that when counsel prepares an order for submission to the court, a copy of that draft order must be sent to all parties with a notice that written objections may be submitted to the family court within five days. Here, Christopher F. was not served with a copy of the January 6, 2015, order prior to its entry by the family court. This Court has long held that "'[t]he due process of law guaranteed by the State and Federal Constitutions, when applied to procedure in the courts of the land, requires both notice and the right to be heard.' Syllabus point 2, *Simpson v. Stanton*, 119 W.Va. 235, 193 S.E. 64 (1937)." Syl. Pt. 3, *Brittany S. v. Amos F.*, 232 W.Va. 692, 753 S.E.2d 745 (2012). Because the requirements of Rule 22(b) were not followed, Christopher F. was deprived of notice and his right to object.

We further find that there was no basis for the family court to have entered the January 6, 2015, order nunc pro tunc to February 1, 2014. This Court has held that "'[a] nunc pro tunc order must be based on some memorandum on the records relating back to the time it is to be effective and such order cannot be entered if the rights of the parties may be adversely affected thereby.' Syl. pt. 3, *State ex rel. Palumbo v. County Court of Kanawha County*, 151 W.Va. 61, 150 S.E.2d 887 (1966)." Syl. Pt. 3, *Barber v. Barber*, 195 W.Va. 38, 464 S.E.2d 358 (1995). Although Erin F. asserted in her Motion for Corrective Order that a provision for child support had been either intentionally or unintentionally omitted from the March 20, 2014, order drafted by Christopher F.'s counsel, it is undisputed that the issue of child support was not addressed at the February 6, 2014, hearing. Consequently, there was nothing in the record regarding child support to which entry of the order nunc pro tunc could relate. In addition, the nunc pro tunc order adversely affected the rights of Christopher F. because his child support obligation had been previously terminated by the July 9, 2013, emergency custody order, and the family court did not take into consideration whether there had been any change in his financial circumstances since that time. For these reasons, we find that the family court abused its discretion by entering the January 6, 2015, order, reinstating Christopher F's child support obligation retroactive to February 1, 2014.[9]

ten days after the receipt of the objections.

[9]Christopher F. also argued that the January 6, 2015, order did not comply with West Virginia Code § 48-5-513 (2015) which sets forth certain requirements for ex parte relief. He also asserted that reinstatement of child support was an abuse of discretion because Erin F. never filed a motion for modification. Given our decision, we do not need to address these issues.

While we have found reversible error, the fact remains that a parent has a basic duty to support his or her child(ren). *See* Syl. Pt. 3, in part, *Wyatt v. Wyatt*, 185 W.Va. 472, 408 S.E.2d 51 (1991) ("The duty of a parent to support a child is a basic duty owed by the parent to the child[.]"); *see also In re Jamie Nicole H.*, 205 W.Va. 176, 183, 517 S.E.2d 41, 48 (1999) ("Provision of shelter and financial support for children is one of the most basic components of parental responsibility."); *Supcoe v. Shearer*, 204 W.Va. 326, 330, 512 S.E.2d 583, 587 (1998) ("The obligation of child support is grounded in the moral and legal duty of support of one's children from the time of birth."); W.Va. Code § 48-11-101 (2015) ("When the domestic relations action involves a minor child or children, the court shall require either party to pay child support in the form of periodic installments for the maintenance of the minor children of the parties in accordance with support guidelines promulgated pursuant to article 13-101, et seq. [§§ 48-13-101 et seq.], of this chapter."). Given that Christopher F. has an absolute duty to support his child, we remand this case to the family court for a hearing to determine the child support obligations of the parties pursuant to West Virginia Code §§ 43-13-101 to -804 (2015).

Reversed and Remanded with Directions.

**ISSUED:** March 9, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II